Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natasha Stewart, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Monterey Financial Services, Inc. d/b/a) | |
| Monterey Collection Services, ) | |
| ) | |
| Defendant. ) | |

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Natasha Stewart ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Monterey Financial Services, Inc. d/b/a Monterey Collection Services ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In or about March 2012, Plaintiff discovered that a debt allegedly owed to Friedman's Jewelers (Account No. ending 7453) was being reported negatively on her credit.

12. Thereafter, Defendant sent Plaintiff written communication dated April 26, 2012, and in such communication, stated in relevant part(s), as follows:

> "This letter is in response to the dispute received and pursuant to the debt validation requirements set forth in the Fair Debt Collection Practices Act. Please note that per the FDCPA, you had 30 days from the date you were notified by Monterey that your account had been placed with Monterey Collections, to send a written request to dispute this debt. You were notified by Monterey Collections on 04/29/2008 and were sent the required notifications at that time. You failed to send a written dispute or request for verification within the necessary time frame. Had you done so, the information would have been provided at that time." [Emphasis in Original]

(*See* written communication, attached hereto as Exhibit A).

13. Defendant's April 26, 2012 communication represented that Plaintiff's right to dispute the debt had been waived.

14. Further, Defendant's April 26, 2012 communication did not contain the notices required pursuant to 15 U.S.C. § 1692g(a) et seq.

15. Plaintiff called Defendant on May 8, 2012 at 5:48 P.M., and at such time, spoke with Defendant's agent and/or employee "Mally."

16. During the May 8, 2012 conversation, Plaintiff stated to Mally, "I wanted to speak to you about the letter that you sent me saying that you sent me a letter back on April 29 of 2008, and I have no recollection of any letter received from a Monterey collections. I was wondering if you can maybe tell me what address you sent it to?"

17. During the May 8, 2012 conversation, Mally stated that "[Defendant] had a Thunder Creek Drive originally on file."

18. Plaintiff then informed Mally that she did not receive the initial communication because she had "already moved out of state by then."

19. During the May 8, 2012 conversation, Plaintiff provided her current address to Defendant.

20. Plaintiff called Defendant back on May 9, 2012 at 9:11 A.M., and at such time, spoke with Defendant's agent and/or employee "Mark Perkins" ("Mr. Perkins"), and that conversation contained, in relevant part:

> Plaintiff: "I spoke with [Mally] and she advised that on April 29th of '08 the letter was sent to a Thunder Creek address."
> Mr. Perkins: "Ok."
> Plaintiff: "I was already moved from that address by that time. Is there any way I can get a new collection letter?"
> Defendant: "I sure can."

21. Despite Defendant's actual knowledge that Plaintiff did not reside at the address to which it had sent its initial communication, and that Plaintiff had not received its initial communicated dated April 29, 2008, Defendant sent Plaintiff written correspondence dated May 10, 2012, and in such communication, failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g.

22. Defendant's actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)**

23. Plaintiff repeats and re-alleges each and every allegation contained above.

Complaint - 4

24. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 20th day of July, 2012

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff